KLIEGER, Respondent, vs. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

*March 9—April 3, 1923.*

*Insurance: Statements made to medical examiner of insurer: Variance with written application: Medical examiner as agent of insurer: Estoppel to contest validity of policy: Evidence.*

1. Where an insured made no concealment, but gave the correct information as to his health to the medical examiner and the agent of the company, the medical examiner or agent filling out the application was the agent of the company and not of the insured.

2. Where insured has committed no fraud or deceit and has been accepted as a fit risk, the insurer is estopped to deny the validity of the policy, under sec. 1977—2, Stats. 1919.

3. In an action on an insurance policy, where the defendant insurer interposed the defense that false statements as to health avoided the policy, the admission of evidence of statements made by the insured, either to the insurer's agent or to the examining physician, at variance with statements appearing in the application, is not error in view of sec. 1977—2, Stats. 1919, under which the insurer is estopped from denying the validity of the policy where the insured is accepted as a risk and the policy has not been obtained by fraud.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge.   *Affirmed.*

Action on an insurance policy for $1,000 on the life of plaintiff's husband.   The defense was that there were false

statements as to Klieger's health in the application for insurance which made the policy void. The special verdict covered the issues made by the evidence and was as follows: (1) The insured, Jacob Klieger, was suffering from pulmonary tuberculosis at the time he made application for the policy here in question (found by the court); (2) the insured at the time he was examined by the examining physician did not conceal that fact from such examining physician; (3) the insured at the time he made application for insurance, or prior thereto, informed the agent of the company that he was suffering from tuberculosis; (4) the insured at the time he made application for insurance, or prior thereto, did not deny that he had been an inmate of a sanatorium, hospital, asylum, or dispensary for the treatment of tuberculosis. The court rendered judgment for plaintiff upon the special verdict, and the defendant appealed.

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, all of Milwaukee, and oral argument by *Mr. Stebbins.*

For the respondent there was a brief signed by *Padway, Thompson & Skolnik* of Milwaukee, and oral argument by *Joseph A. Padway.*

VINJE, C. J.    The evidence sustains the verdict, but it is claimed the trial court erred in admitting any evidence of statements made either to the agent or to the examining physician for the purpose of showing answers made by the insured at variance with statements appearing in the application, and that the beneficiary was bound by the contents of the application. The application consists of two parts. Part A contains twenty-two questions with answers inserted. Part B contains what is denominated "Statements made to the medical examiner," consisting of printed matter negativing a mass of diseases and other matters not requiring an answer unless to the word "except," with which the state-

ments close. Thus, defendant claims that statements num-
bered 6 and 10 are at variance with plaintiff's proof and
conclude her. Number 6 reads: "I have never been under
treatment in any dispensary, hospital, or asylum nor been an
inmate of any almshouse or other institution except." Num-
ber 10 reads: "neither I or any member of my family
(including grandparents, parents, brothers, sisters, husband,
or wife) had ever had consumption or any pulmonary dis-
ease or scrofula except." There was nothing written by the
medical examiner under statements 6 or 10.

It is not deemed necessary to discuss at length the claims
of defendant. They have been adversely decided to it in two
late cases. *Fehrer v. Midland Cas. Co.* 179 Wis. 431, 190
N. W. 910, and *Arneberg v. Continental Cas. Co.* 178 Wis.
428, 190 N. W. 97. The jury found that correct informa-
tion was given the medical examiner and the agent of the
company and that there was no concealment. In such case
the company's medical examiner or agent filling out the
application is the agent of the company and not of the in-
sured and his omissions or mistakes are those of the com-
pany and not of the insured. *Arneberg v. Continental Cas.
Co., supra.*

There having been no fraud or deceit on the part of the
insured, and he having been accepted as a fit risk by the
company's medical examiner, the company is by the pro-
visions of sec. 1977—2, Stats. 1919, estopped to deny the
validity of the policy. That section reads:

"In any case where the medical examiner, or physician
acting as such, of any life or disability insurance company
or association doing business in this state, shall issue a cer-
tificate of health or declare the applicant a fit subject for
insurance, or so report to the company or association or its
agent under the rules and regulations of such company or
association, it shall thereby be estopped from setting up in
defense of an action on such policy or certificate that the
insured was not in the condition of health required by the

policy at the time of the issue or delivery thereof, unless the same was procured by or through the fraud or deceit of the insured. The provisions of this section shall apply to fraternal or mutual benefit societies."

It follows that there was no error in admitting the oral testimony, and that, since the verdict was supported by the evidence, the proper judgment was entered.

*By the Court.*—Judgment affirmed.